IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK
_____

SANDRA FIELDS,

                Plaintiff,

                                            Civ. Action No.
   v.                                    5:13-CV-0005 (GTS/DEP)

BEEM,

                Defendant.
_____

APPEARANCES:                          OF COUNSEL:

FOR PLAINTIFF:

**[last known address]**
SANDRA FIELDS, *Pro Se*
1704 South Salina Street
Syracuse, New York 13204

FOR DEFENDANTS:

[NO APPEARANCE]

REPORT AND RECOMMENDATION

*Pro se* plaintiff Sandra Fields, whose whereabouts are currently unknown to the court, has commenced this action against a person identified as "Beem" who, according to the complaint, appears to either work or reside at a women's shelter located at 1704 South Salina Street, Syracuse, NY 13205. Although difficult to discern, it appears that

plaintiff's complaint alleges that defendant Beem misused plaintiff's Social Security benefit check. Plaintiff lists her address as that also attributed to the defendant.

On January 2, 2013, following a review of plaintiff's complaint and accompanying motion for leave to proceed *in forma pauperis*, the court issued a decision and order, dated February 6, 2013, denying plaintiff's IFP application, and directing that she either pay the requisite filing fee or submit a renewed IFP application by March 8, 2013. Dkt. No. 5. That order also warned plaintiff that, in the event of a failure to pursue one of these two avenues, I would issue a report to District Judge Glenn T. Suddaby, recommending dismissal of plaintiff's complaint. *Id.* at 6. A copy of that order was mailed to the plaintiff at 1705 S. Salina Street, Syracuse, New York 13204, the address specified in plaintiff's complaint, but was returned as undelivered. Dkt. No. 6.

When a civil action is commenced in a federal district court, the statutory filing fee, currently set at $350, must ordinarily be paid. 28 U.S.C. §§ 1914(a). A court is authorized, however, to permit a litigant to proceed IFP if it is determined that she is unable to pay the required filing fee. 28 U.S.C. § 1915(a)(1). In this instance, plaintiff's IFP application

2

was denied, without prejudice to renewal, and, as discussed above, she was directed to either pay the required $350 filing fee or submit a new IFP application on or before March 8, 2013, neither of which has occurred. Dkt. No. 5.

It appears that the reason the plaintiff has not complied with the court's order is that it was returned as undeliverable, and thus it never reached her. Dkt. No. 6. The fact that a court communication sent to the address given by the plaintiff in her complaint was returned as undeliverable not only presents an obvious impediment to the case going forward, but reflects a failure by the plaintiff to comply with this court's local rules, which require that all parties, including *pro se* litigants, inform the court of an address where communications concerning a pending action may be sent, and of any changes in that address. N.D.N.Y. L.R. 10.1(c).[1] A reminder concerning that rule is included in the district's *pro se* handbook, which was provided to the plaintiff on January 2, 2013, at the time she commenced the action. Dkt. No. 3. Failure to comply with

---

[1] Specifically, Local Rule 10.1(c) provides, in pertinent part, that "**[a]ll . . . *pro se* litigants must immediately notify the Court of any change of address.**" N.D.N.Y. L.R. 10.1(c) (emphasis in original). A failure to notify the court of a change in address in accordance with Local Rule 10.1(c) can result in the dismissal of any pending action. N.D.N.Y. L.R. 41.2(b).

this rule provides a basis for a court to conclude that there has been a failure by plaintiff to properly pursue her claims.

Rule 41(b) of the Federal Rules of Civil Procedure provides that a court may, in its discretion, order dismissal of an action based on a plaintiff's failure to comply with an order of the court.[2]  *See* Fed. R. Civ. P. 41(b); *Rodriguez v. Goord*, No. 04-CV-0358, 2007 WL 4246443, at *2 (N.D.N.Y. Nov. 27, 2007) (Scullin, J. *adopting report and recommendation by* Lowe, M.J.).  That discretion should be exercised when necessary to "achieve the orderly and expeditious disposition of cases."  *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962); *Williams v. Faulkner*, No. 95-CV-0741, 1998 WL 278288, at *2 (N.D.N.Y. May 20, 1998) (Pooler, J., *adopting report and recommendation by* Scanlon, M.J.); *Moshier v. Trabout*, No. 96-CV-1666, 1998 WL 167298, at *1 (N.D.N.Y. Apr. 2, 1998) (Pooler, J. *adopting report and recommendation by* Hurd, M.J.).  The failure of a litigant to comply with the requirement to notify a court of a

---

[2]  Although Rule 41(b) grants a defendant leave to move for dismissal based on a plaintiff's failure to prosecute or comply with a court order (rather than grant the court explicit authority to dismiss *sua sponte*), "courts retain the 'inherent power' to *sua sponte* 'clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief.'" *Rodriguez*, 2007 WL 4246443, at *2 (quoting *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962)).  Indeed, the local rules of this court recognize this authority, and mandate that the court exercise it under certain circumstances.  *See, e.g.*, N.D.N.Y. L.R. 41.2(a).

change of address is sufficient to justify dismissal of a plaintiff's complaint. *See Dansby v. Albany Cnty. Corr. Facility Staff*, No. 95-CV-1525, 1996 WL 172699, at *1 (N.D.N.Y. Apr. 10, 1996) (Pooler, J.) ("It is neither feasible nor legally requiSred that the clerks of the district courts undertake independently to maintain current addresses on all parties to pending actions. It is incumbent upon litigants to inform the clerk of address changes, for it is manifest that communications between the clerk and the parties . . . will be conducted principally by mail." (internal quotation marks omitted)); *Decker v. Hogan*, 09-CV-0239, 2010 WL 3522524, at *1 (N.D.N.Y. June 16, 2010) (Baxter, M.J.), *adopted by* 2010 WL 3522522 (N.D.N.Y. Sept. 2, 2010) (McAvoy, J.), ("Moreover, notwithstanding the leniency with which pro se plaintiffs are treated, a plaintiff has a duty to inform the court of any address changes."); *see also Williams,* 1998 WL 278288, at *2; *Mosher,* 1998 WL 167298, at *1-2.

The question of whether a Rule 41(b) dismissal for failure to comply with an order of the court is warranted is informed by the following five factors:

> (1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3)

5

> whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal.

*Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996).

I have carefully evaluated these five factors and find that they weigh decidedly in favor of dismissal in this case. Despite commencement of this action nearly four months ago, plaintiff has persisted in her silence and has made no attempt to contact the court. In addition, court staff has attempted to contact plaintiff, to no avail, by telephone using the phone number disclosed in her court filings.[3] Upon commencement of the case, plaintiff was given a *pro se* handbook, in which she was advised that her failure to notify the court of any change of address could result in dismissal of the action. These factors, in combination with the court's interest in managing its docket, and consideration of less drastic sanctions, convince me that dismissal of plaintiff's complaint in this matter

---

[3] When a member of the court's staff contacted that number, she was told that the women's shelter had been reached but that personnel for the shelter are prohibited from providing any information concerning the identity of the shelter's residents. The court relayed a message asking the shelter to direct Ms. Fields to contact the court immediately, should she reside at the shelter. The court has not received any communication from plaintiff since leaving that message.

is justified. *See*, *e.g.*, *La Grande v. Albany Police Dep't*, No. 07-CV-0757, 2008 WL 4021828, at *1 (N.D.N.Y. Aug. 25, 2008) (Homer, M.J.) (dismissing case where the plaintiff failed to take action in case for several months and failed to respond to the court's communications).

III. <u>SUMMARY AND RECOMMENDATION</u>

It appears that, at the time plaintiff commenced this action, she was residing in a women's shelter. It is evident, based upon a return of a court communication as undeliverable, that plaintiff's living circumstances have since changed, or, at least, had at the time that communication was delivered to the shelter. Efforts by court staff to reach the plaintiff at the shelter, by telephone, have proven unsuccessful. Accordingly, the court has been unable apprise the plaintiff of the requirement that she either pay the requisite filing fee or resubmit her IFP application, and cannot otherwise communicate with her for purposes of addressing her action.

This case cannot proceed without notice to the court and the defendant, who has not yet been served or appeared, of a valid and current address for use in contacting the plaintiff. Based upon her failure to provide such an address, it is hereby respectfully

RECOMMENDED that plaintiff's complaint in this action be

DISMISSED, without prejudice, for failure to comply with a court order.

NOTICE: Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court within FOURTEEN days of service of this report. FAILURE TO SO OBJECT TO THIS REPORT WILL PRECLUDE APPELLATE REVIEW. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72; *Roldan v. Racette,* 984 F.2d 85 (2d Cir. 1993).

It is hereby ORDERED that the clerk of the court serve a copy of this report and recommendation upon the plaintiff by mailing it to the address listed on the court's docket sheet.

Dated: April 15, 2013
Syracuse, New York

*/s/ David E. Peebles*
David E. Peebles
U.S. Magistrate Judge